[Docket No. 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH ANTHONY DEPHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INC. and MARK BEGOR<br><br>Defendants. | Civil No. 22-03247 (RMB/SAK)<br><br>OPINION |

**APPEARANCES**

Joseph Anthony DePhillips
4814 Indian Cabin Road
Egg Harbor City, New Jersey 08215

 *Plaintiff,* pro se

Alexander Macrae Noble
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036

 *On behalf of Defendants Equifax Inc. and Mark Begor*

**RENÉE MARIE BUMB, United States District Judge**

 This matter comes before the Court on the Motion to Dismiss of Defendants Equifax Inc. and Mark Begor, Chief Executive Officer of Equifax (collectively, "Defendants"), which was filed on July 22, 2022. [Docket No. 9 (the "Motion").] Plaintiff Joseph Anthony DePhillips ("Plaintiff"), who is proceeding *pro se*, filed an untimely Opposition on September 26, 2022, [Docket No. 11], and Defendants

submitted a Reply Brief on September 30, 2022, [Docket No. 12]. Having been fully briefed, this matter is ripe for adjudication. For the reasons that follow, Defendants' Motion will be **GRANTED**, and Plaintiff's Complaint will be **DISMISSED**, **WITHOUT PREJUDICE**.

I.  BACKGROUND

On May 31, 2022, Plaintiff initiated this action purporting to assert a breach of contract claim against Defendants. [Compl. ¶ III, Docket No. 1.] On the same day, he also filed a purported motion for summary judgment. [Docket No. 4.] As far as the Court can discern, Plaintiff's action appears to relate to a data breach that Equifax experienced in 2017. [*See* Compl. ¶ III.[1]] On June 9, 2020, Plaintiff contacted Defendants with a document advising them that the data breach injured Plaintiff "personally, financially, socially[,] and economically" and demanding, within ten days of receipt, a series of admissions related to the data breach. [Docket No. 1-3, at 1–2.] Defendants did not respond. [Docket No. 1-6, at 1 (notary public's purported "Affidavit of Certificate of Non-Response"); *see also* Defs.' Br. 1.] Thereafter, Plaintiff sent additional correspondence to Defendants construing their failure to respond as acquiescence "to the facts stated" in Plaintiff's correspondence. [Docket Nos. 1-4, 1-5.] Again, Defendants did not respond. [Docket No. 1-6, at 2–3 (notary public's

---

[1] Additionally, the Court takes judicial notice of the data security incident that Equifax appears to have disclosed in September 2017 and the resulting Federal Trade Commission enforcement action and settlement agreement. *See generally* Equifax Data Breach Settlement, FED. TRADE COMM'N (Dec. 2022), https://www.ftc.gov/enforcement/refunds/equifax-data-breach-settlement.

2

additional acknowledgments of non-response).] Invoking the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332,[2] Plaintiff claims that Defendants are "in default under contract" and, thus, owe Plaintiff $75,000,000 in "agreed to and acquiesced" damages, which he also asks this Court to treble. [Compl. ¶¶ II.B.3, IV.] Plaintiff provides little additional detail setting forth the underlying factual basis for his legal claim.

In Defendants' Motion, they argue that Plaintiff's Complaint should be dismissed for two reasons. First, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted. [Docket No. 9-1, at 4–7 ("Defs.' Br.").] Second, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction to hear Plaintiff's claim. [*Id.* at 7–8.] They also argue that, to the extent Plaintiff is seeking summary judgment on his claim—as he "move[s] for summary judgment on all counts in [the Complaint] and request[s] oral argument" in Docket No. 4—such application must be dismissed as procedurally deficient pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. [Defs.' Br. 8–9.]

In his Opposition, Plaintiff attempts to argue that he has set forth sufficient information to establish that Defendants have "stolen [his] private/personal

---

[2] Plaintiff is a citizen of the State of New Jersey, and Defendants are citizens of the State of Georgia. [Compl. ¶¶ I, II.B.] The Court notes that Plaintiff has not identified any basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. [*See generally id.*]

3

information," and he stresses that his pre-litigation correspondence proves that "this court case is already Won." [Docket No. 11, at 2.]

In Defendants' Reply, they argue that Plaintiff's Opposition should be rejected as untimely, that it should be disregarded because it "fails to advance a single relevant factual or legal argument in response" to their Motion, and that Plaintiff's purported motion for summary judgment does not comply with the Federal Rules of Civil Procedure. [Defs.' Reply, Docket No. 12, at 1–3.]

## II.  LEGAL STANDARDS

A pleading is generally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To comply with this rule requiring a plaintiff to provide the "grounds" of his entitlement to relief, the plaintiff must allege more than mere labels and conclusions or a "formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and he must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) (citations omitted).

The motion should be granted if the court cannot grant the relief requested under any set of facts that could be proved. *Id.* at 351 (citation omitted). A court need not credit any "bald assertions" or "legal conclusions" in the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citation omitted).

Similarly, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) must be granted if the court lacks subject matter jurisdiction to hear a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (cleaned up) (citation omitted). The burden of establishing the court's jurisdiction is on the party asserting its existence. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

**III.   DISCUSSION**

Plaintiff's Complaint is deficient for two intertwined reasons and, thus, must be dismissed. First, it does not appear from Plaintiff's pleadings that the Court can exercise subject matter jurisdiction to adjudicate this dispute. Plaintiff bases the Court's subject matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. §

1332. [Compl. ¶ II.B.]  For a court to exercise diversity jurisdiction, two requirements must be met.  First, the controversy must be between citizens of different states. 28 U.S.C. § 1332(a)(1); *Onyiuke v. Cheap Tickets, Inc.*, 435 F. App'x 137, 138 (3d Cir. 2011); *S. Freedman & Co v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006).  Second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  The party's allegations must be made in good faith. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (stating that the "sum claimed by the plaintiff controls if the claim is apparently made in good faith"); Gas *Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (stating that, in diversity cases, "courts generally accept a party's good faith allegation of the amount in controversy"); *Jaconski v. Avisun Corp.*, 359 F.2d 931, 937 (3d Cir. 1966) (stating that jurisdictional amount in controversy is to be ascertained from "the amount demanded by [the plaintiff], if that demand is found to have been made in good faith").

      Here, Plaintiff has failed to establish the jurisdictional amount in controversy required pursuant to 28 U.S.C. § 1332(a).  Plaintiff's assertion that he is entitled to a multiple of $75,000,000 as relief for a purported breach of contract claim is simply preposterous based on the limited facts alleged.  Additionally, Plaintiff's other allegation—that he is "personally, financially, socially[,] and economically injured by this data breach in that [he] now [does] NOT know who may have [his] personal data or where [his] data is being used" [Docket No. 1-3, at 1]—does not provide sufficient information to put Defendants on notice of Plaintiff's injuries and damages and to enable this Court to exercise subject matter jurisdiction.  Without a good-faith

allegation supporting an amount in controversy that exceeds the statutory floor, this Court cannot proceed. *See Owens*, 574 U.S. at 87; *see also Granger v. Equifax, Inc.*, No. 19-CV-03679, Jurisdictional Order, Docket No. 27, at 2 (S.D. Ind. Aug. 25, 2020) (observing that plaintiff's demand for $75 million in damages was "speculative" and lacked good faith). Therefore, Plaintiff's Complaint must be dismissed for lack of jurisdiction. FED. R. CIV. P. 12(b)(1); *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

Second, even assuming that the Court could exercise subject matter jurisdiction here, Plaintiff has not set forth a plausible claim upon which this Court could afford relief. Plaintiff's claim appears to be that Defendants are in breach of contract due to the occurrence of the data breach and Defendants' purported adoptive admissions, [*see generally* Compl.], but he does not allege the existence of a valid contract or explain what the parties' agreement allegedly involved. Nor do Plaintiff's miscellaneous letters to Defendants shed much light on his claim or suggest that the parties did, in fact, enter into a binding agreement. Instead, they merely reveal that Plaintiff believes that he has been harmed as a result of the data breach. Even as this Court liberally construes Plaintiff's pleadings, *Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016), it cannot conclude that Plaintiff has set forth sufficient information to survive Defendants' Motion. *See Evancho*, 423 F.3d at 350. "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

7

Finally, again assuming that the Court could exercise subject matter jurisdiction to adjudicate this dispute, the Court notes that Plaintiff's purported motion for summary judgment has not complied with the requirements of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. In addition to submitting such motion at the incorrect juncture during the course of this litigation, Plaintiff has not filed a memorandum of law in support of his positions, nor has he filed a separate statement containing undisputed material facts. Accordingly, the purported motion will be **DENIED** as moot.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion will be **GRANTED**, Plaintiff's purported motion for summary judgment will be **DENIED**, and the Complaint will be **DISMISSED**, **WITHOUT PREJUDICE**. An accompanying Order shall issue on today's date.

January 17, 2023  
Date

s/Renée Marie Bumb  
Renée Marie Bumb  
United States District Judge